## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

| | | |
|---|---|---|
| FRANK GILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV624-032 |
| | ) | |
| SGT. WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

*Pro se* plaintiff Frank Gillis filed this case against Defendant Wilson alleging that he was subjected to excessive force while incarcerated at Smith State Prison. *See generally* doc. 1. The Court granted him leave to proceed *in forma pauperis*, doc. 6, and he returned the required forms, *see* docs. 8 & 10. Although the forms were not timely filed, Gillis moved for a retroactive extension of his deadline. Doc. 7. For good cause shown, that Motion is **GRANTED**. Doc. 7. The Court deems Gillis to have complied with its prior Order. *See* doc. 6 at 4-5.

1

The Court, therefore, proceeds to screen his Complaint.   28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff.   *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).   As Gillis is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed.   *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).   Gillis' allegations are straightforward.   He alleges that, on May 30, 2023, Defendant Wilson "pick[ed] Gillis up by the restraints and the[n] (body) [sic] slam[ed] Gillis on his head."   Doc. 1 at 7.   He seeks monetary damages.   *Id.* at 8.

It is well-settled that "the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment."   *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (internal quotation marks, alteration, and citation omitted); *see also Sears v.*

*Roberts*, 922 F.3d 1199, 1205 (11th Cir. 2019).   "In considering an Eighth Amendment excessive force claim, [the court] must consider both a subjective and objective component: (1) whether the officials acted with a sufficiently culpable state of mind, and (2) if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Johnson v. Moody*, 206 F. App'x 880, 883 (11th Cir. 2006) (internal quotation marks, alterations, and citation omitted).   While Gillis' allegations concerning the incident do not establish Wilson's culpable intent, they are sufficient to be served.

Since the Court approves for service Gillis' excessive force claim, a copy of Plaintiff's Complaint, doc. 1, and a copy of this Order shall be served upon Wilson by the United States Marshal without prepayment of cost.   The Court **DIRECTS** the Clerk of Court to serve a copy of this Order upon Plaintiff.   The Court also provides the following instructions to the parties that will apply to the remainder of this action.

## INSTRUCTIONS TO ALL DEFENDANTS IN THIS ACTION

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs service be effected by the United States Marshal.   Fed. R. Civ. P. 4(c)(3).   In most cases, the marshal will first mail a copy of the complaint

to a defendant by first-class mail and request the defendant waive formal service of summons.   Fed. R. Civ. P. 4(d); Local R. 4.5.   A defendant has a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver.   Fed. R. Civ. P. 4(d).   Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date the marshal sent the request for waiver.   Fed. R. Civ. P. 4(d)(3).

   **IT IS FURTHER ORDERED** that any Defendant in this action is granted leave of court to take the deposition of Plaintiff upon oral examination.   Fed. R. Civ. P. 30(a)(2).   Defendants are further advised the Court's standard 140-day discovery period will commence upon the filing of the last answer.   Local R. 26.1.   Defendants shall ensure all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

   If a Defendant takes the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30.   As Plaintiff will not likely attend such a deposition, the

Defendant taking the deposition must notify Plaintiff of the deposition and advise him that he may serve on that Defendant written questions Plaintiff wishes to propound to the witness, if any.  Defendants shall present such questions to the witness in order and word-for-word during the deposition.  Fed. R. Civ. P. 30(c).  Plaintiff must submit the questions in a sealed envelope within 10 days of the notice of deposition.

## INSTRUCTIONS TO PLAINTIFF

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action.  Local R. 11.1.  Plaintiff's failure to notify the Court of a change in his address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel, the Defendant's attorney).  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel.  Fed. R. Civ. P. 5.  "Every

pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from a Defendant, Plaintiff must initiate discovery. *See generally* Fed. R. Civ. P. 26 to Fed. R. Civ. P. 37. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Id. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a **party** to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are **not named** as a defendant. Interrogatories are

6

not to contain more than 25 questions.   Fed. R. Civ. P. 33(a).   If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court.   If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.   Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.5.

Plaintiff has the responsibility for maintaining his own records of the case.   If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.   **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press this case forward, the court may dismiss it for failure to prosecute.   Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant.   Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit his deposition to be taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order.   A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order.   A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

## <u>ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT</u>

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss

shall file and serve his response to the motion within 14 days of its service.   Failure to respond shall indicate that there is no opposition to a motion.   Local R. 7.5.   Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's motion.   Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion.   Local R. 7.5, 56.1.   The failure to respond to such a motion shall indicate that there is no opposition to the motion.   Furthermore, each material fact set forth in a Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.   If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case.   That burden cannot be met by reliance on the conclusory allegations contained within the complaint.   If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if he wants to contest Defendant's statement of the facts.   If Plaintiff fails to file opposing affidavits setting forth specific facts

showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

The Court must also assess Brown's filing fee. *See* 28 U.S.C. § 1915(b). Plaintiff's prisoner trust fund account statement reflects no average monthly deposits to or balance in his prisoner trust account. Doc. 5 at 1. Based upon his furnished information, he does not owe an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). His account custodian shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff

shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

   **SO ORDERED,** this <u>9th</u> day of August, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA